THOMAS N. EGERY *versus* ANSEL W. DECREW *& al.*

By c. 81, § 111, nothing contained in this chapter shall alter, take away, or lessen the effect of payment of any principal or interest made by any person.

A new promise is implied from the fact of a partial payment of a promissory note.

Such payment need not be indorsed; but it may be proved by parol.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding. The facts will be found in the opinion.

*J. A. Peters*, for the plaintiff.

*A. W. Paine*, for the defendants.

Partial payments should be indorsed in order to have the effect of renewing the promise. *Pattee* v. *Blood*, 5 Pick., 54. The holder should not be left to elect afterwards whether he will apply the payment to the note or not. *Haven* v. *Hathaway*, 20 Maine, 345.

Plaintiff had appropriated the collections from Day to the credit on account, and he cannot gainsay it. *Capen* v. *Allen*, 5 Met., 268, 271 : *Richardson* v. *Woodbury*, 12 Cush., 279.

TAPLEY, J.—The question presented in this case is, whether the statute of limitations presents a complete defence to the plaintiff's action upon the note in suit, dated Aug. 21, 1856, the writ being dated Dec. 18, 1865.

The proof shows the note was not witnessed, and to obviate the difficulty arising from the lapse of more than six years from the date of the note, the plaintiff offers proof of several payments made upon the note by the defendants, one being made April 20, 1861. To avoid the effect of these as renewals, the defendants urge that, as these payments were not indorsed on the note at the time they were made, it is too late to do it after action brought, and they cannot now avail the plaintiff to take his case out of the statute of limitations.

It is the *payment* that operates as a renewal of the promise and saves the case from the statute, and not the *indorsement* of the amount paid on the note. The indorsement is but evidence of payment, and sufficient evidence only when put upon the note by the party liable to pay the note.

The effect of the payment is in nowise affected by the indorsement. The indorsement may never be made and the effect of the payment be the same.

It is well settled the *payment* may be proved by parol. *Sibley* v. *Lambert*, 30 Maine, 253 ; *Evans* v. *Smith*, 34 Maine, 33. By the report in the case, it appears that the defendants committed to the hands of the plaintiffs a demand against one Day for collection, "with directions to account for what they should collect upon it, on defendant's note ; that, on Oct. 21, 1857, plaintiff collected $11, May 10, 1858, $8, and April 20, 1861, $7,79, all of which sums were passed to defendant's credit on account to be allowed on the note, but were not indorsed on the note."

The defendants committed this claim against Day, for the *specific* purpose of paying in part their note, and for no other purpose. The plaintiff received it upon these conditions and no other. He could apply the proceeds to no other object without the consent of the defendants, and they could not change the appropriation without the consent of the plaintiff. The parties themselves made appropriation of the proceeds of the Day claim. Being so delivered, and so accepted, the money as soon as collected operated as so much payment on the note in suit and takes the case out of the statute. *Haven* v. *Hathaway*, 20 Maine, 345.

*Defendants defaulted and damages assessed by allowing*
*as partial payments amounts stated in report.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.